UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
AT MILWAUKEE

_____

DESMOND EASLEY and
SHOSHAWNA KIRKENDOLL
6835 N. Darren Street, Apt. 2
Milwaukee, WI 53209,

                                      Plaintiffs,

v.

SALLY BEAUTY SUPPLY, LLC,                         Case No. 2:18-CV-
6802 Paragon Place #410
Richmond, VA 23230,

                                      Defendant.
_____/

## FEDERAL COMPLAINT WITH JURY DEMAND

COMES NOW the above captioned Plaintiffs, Desmond Easley and Shoshawna Kirkendoll, by their duly authorized attorney, Walter W. Stern III, and states as a claim against the above-captioned Defendant, for violation of Title 42 USC 1981, which provides equal rights under the law, including equal use of public accommodations, as follows:

1. That the Plaintiffs are both residents of 6835 N. Darren Street, Apt. 2, Milwaukee, WI, 53209, and are residents of the State of Wisconsin and the United States District Court for the Eastern District of Wisconsin.

2. That jurisdiction is conferred by virtue of Title 42 USC 1981, Title 28, Section 1331, and other statutes that relate to Federal questions with respect to Federal law.

3. The Defendant is a corporation, with its principal office in Richmond, VA, and is authorized to do business in the State of Wisconsin, in particular, in the United

1

District Court for the Eastern District of Wisconsin, to wit: Milwaukee, Wisconsin.

4. That the Defendant, Sally's Beauty Supply, LLC, is in the business of the sale of primarily hair products, at retail, having a business located at 544 E. Ogden Avenue, #400, Milwaukee, Wisconsin.

5. That both Plaintiffs are of African-American descent, and the actions or inactions of employees, officers and agents of the Caucasian race, or were acting on behalf of Caucasians in discriminating against the Plaintiffs and the use of public accommodations.

6. That pursuant to Title 42 Section 1981(a), reads, in part, as follows: "All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, to be parties, give evidence, and the full, equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and extractions of every kind and to no other."

7. Section (b) of said statute demands that African-Americans have equal rights to make and force contracts, that also means that in terms of public accommodations, African-Americans shall enjoy "…all benefits, privileges, terms and conditions of the contractual relationship."

8. That the Plaintiffs, as African-Americans, were visiting a place of public accommodations, to wit: the Defendant business, on March 8th, 2017, and were

shopping at said establishment and also shopping at the same time were Caucasian customers looking for hair products.

9. That on March 8th, 2017, both Plaintiffs noted that white customers were not followed around from place to place and aisle to aisle, but they, as African-Americans, were followed by security guards and other white staff who appeared to be checking them for shoplifting.

10. That on March 9th, 2017, said Plaintiffs returned to the store to make additional purchases of hair products at Defendant's store.  A white staff member ran back to the rear of the store and returned with a security guard, who proceeded to follow both of them around the store while they were shopping.  At that time, place and location, white customers came to the store and the security personnel never followed them, studied them, or traced their movements, as the store employees did with the African-American Plaintiffs.

11. That said Plaintiff Desmond Easley, confronted both the security guard and the Assistant Manager, asking for their full names, and were refused these names. Plaintiff noted there were security cameras that would capture the denial of their full and equal enjoyment of said facility.

12. That the Plaintiffs commenced an action before the State of Wisconsin Department of Workforce Development, Equal Rights Division, previously, and said Agencies found probable cause to believe the Plaintiffs were denied the full use and enjoyment of said property, as provided by said State statute, and said actions and conduct are also violations to Title 42 Section 1981, which provides

3

Case 2:18-cv-01803-LA    Filed 11/13/18    Page 3 of 6    Document 1

the equal use and enjoyment of the premises in securing purchases and entering contracts as Caucasians enjoy.

13. That Title 42 Section 1981 is an implementation of the 13th Amendment to the United States Constitution, which prohibits slavery and the "badges and incidences of slavery," which, among other things, provides that African-Americans are to have full and equal enjoyment of accommodation, as African-Americans, the same as Caucasian Americans.

14. That the Defendant's employees, assistant manager and security guard refused to provide their names to Plaintiff Desmond Easley, as well as to Plaintiff Shoshawna Kirkendoll, and denied discrimination on the basis of race, even though Caucasians shopping at the Defendant's establishment were not being followed; did not have a security guard in close proximity; and were not treated as "suspicious" persons.

15. That as a proximate cause of said discrimination, Plaintiff Shoshawna Kirkendoll experienced pain, suffering, anxiety, both past and future, and seeks compensatory damages as a result of the acts and conduct of the Defendant agents of Sally Beauty Supply, LLC, because of said racism and the harmful effects of racism in this particular case.

16. That as a proximate cause of said discrimination, Plaintiff Desmond Easley experienced pain, suffering, anxiety, both past and future, and seeks compensatory damages as a result of the acts and conduct of the Defendant

agents of Sally Beauty Supply, LLC, because of said racism and the harmful effects of racism in this particular case.

17. That said conduct on the part of Defendant's agents and employees, was done maliciously and/or recklessly, in disregard of both the 13th Amendment to the United States Constitution and/or Title 42 USC 1981, justifying an award of punitive damages.

18. That Title 42 Section 1988 permits the recovery of costs and reasonable attorney's fees to the prevailing party, and the Plaintiffs request an award of attorney's fees and the full application of said statute.

WHEREFORE, the Plaintiffs demand judgment, as follows:

1. Each Plaintiff requests compensatory damages consistent with the demands of the complaint in an amount to be determined by a jury;
2. That each Plaintiff demands punitive damages in an amount determined by a jury;
3. That the Plaintiffs request costs and reasonable attorney's fees pursuant to Title 42 Section 1988;
4. That the Plaintiffs also demand any other further relief that the Court deems justified, including, but not limited to, a Consent Decree prohibiting such discriminatory practices as advanced in the Complaint.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS ACTION**

Dated this 1st day of November, 2018.

By: *electronically signed by Walter W. Stern III*
WALTER W. STERN III

Counsel for Plaintiffs
920 85th Street, Unit 123
Kenosha, WI 53143
(262) 880-0192/(262) 997-1101
wstern1@wi.rr.com